UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JIM RYAN P. ADA,<br><br>               Petitioner,<br><br>       v.<br><br>FEDERAL BOARD OF INVESTIGATIONS,<br><br>               Respondent. | Case No. SACV 17-1136-GW-KK<br><br>MEMORANDUM AND ORDER SUMMARILY DISMISSING ACTION WITHOUT PREJUDICE |

**I.**

**INTRODUCTION**

On July 3, 2017, Carmelita P. Ada, purportedly on behalf of her son, Petitioner Jim Ryan P. Ada ("Petitioner"), filed a "Petition for Writ of Habeas Corpus by a Person in Federal Custody." On July 14, 2017, the Court issued an Order to Show Cause Why The Petition Should Not Be Dismissed. Petitioner has not filed a response. For the reasons discussed below, the Court summarily DISMISSES this action without prejudice.

**II.**

**SUMMARY OF PROCEEDINGS**

On July 3, 2017, Carmelita P. Ada, purportedly on behalf of her son, Petitioner Jim Ryan P. Ada ("Petitioner"), filed a "Petition for Writ of Habeas

Corpus by a Person in Federal Custody." ECF Docket No. ("Dkt.") 1. Petitioner has not signed the Petition. See id. While the basis for the Petition is unclear, the Petition states the "Federal Board of Investigations" caused Petitioner to go to a different public high school in Orange County, California than where his mother had originally enrolled him, but that Petitioner is being held in custody in the Northern Mariana Islands. Id. The Petition also includes allegations that medicines triggering "paralysis" and "euthanasia" are being placed into Petitioner's food and water. Id.

On July 14, 2017, the Court issued an Order to Show Cause Why The Petition Should Not Be Dismissed ("OSC") because (a) the Petition is not signed by Petitioner; (b) the Petition fails to state a claim for relief; and (c) the Court lacks jurisdiction. Dkt. 3. Petitioner has not filed a response.

## III.
## DISCUSSION

**A. THE PETITION IS SUBJECT TO DISMISSAL BECAUSE IT IS NOT SIGNED BY PETITIONER**

**1. Applicable Law**

The district court may dismiss or refuse to file a petition that is unsigned or unverified by the petitioner. See Hendricks v. Vasquez, 908 F.2d 490, 491 (9th Cir. 1990); Application of Gibson, 218 F.2d 320 (9th Cir. 1954), cert. denied, 348 U.S. 955 (1955).

In addition, a non-lawyer may not represent in litigation anyone other than himself or herself. See Campbell v. Burt, 141 F.3d 927, 931 (9th Cir. 1998); Johns v. Cty. of San Diego, 114 F.3d 874, 877 (9th Cir. 1997). Moreover, "[a] non-attorney guardian for a minor or an incompetent person must be represented by counsel." L.R. 83-2.10.2; see also Bullock v. Dioguardi, 847 F. Supp. 553, 560 (N.D. Ill. 1993) ("Although a parent has a right to litigate claims on h[er] own behalf without an attorney, [s]he cannot litigate the claims of h[er] children unless [s]he obtains

2

counsel."), accord Osei-Afriyie by Osei-Afriyie v. Med. Coll. of Pennsylvania, 937 F.2d 876, 882-83 (3d Cir. 1991); Cheung v. Youth Orchestra Found. of Buffalo, Inc., 906 F.2d 59, 61 (2d Cir. 1990); Meeker v. Kercher, 782 F.2d 153, 154 (10th Cir. 1986).

### 2. Analysis

Here, Petitioner did not sign the Petition. In addition, while Petitioner's mother, Carmelita P. Ada, purports to bring this action pro se on behalf of Petitioner, she is not permitted to do so. Further, even if Petitioner is a minor (which is unclear in light of the allegation he was enrolled in high school in 2015), his non-lawyer mother may not litigate on Petitioner's behalf. See L.R. 83-2.10.2. Hence, the Petition is subject to dismissal.

## B. THE PETITION IS SUBJECT TO DISMISSAL FOR FAILURE TO STATE A CLAIM

### 1. Applicable Law

A habeas petition "is expected to state facts that point to a real possibility of constitutional error." Blackledge v. Allison, 431 U.S. 63, 76 n.7, 97 S. Ct. 1621, 1630, 52 L. Ed. 2d 136 (U.S. 1977) (citation omitted). A petition that fails to meet this basic requirement is subject to dismissal. Id.; see Jones v. Gomez, 66 F.3d 199, 204-05 (9th Cir. 1995), cert. denied, 517 U.S. 1143 (1996) (holding conclusory allegations unsupported by a statement of specific facts do not warrant habeas relief); Mihailoviki v. State of Cal., 364 F.2d 808, 809 (9th Cir. 1966) (affirming dismissal of petition with, inter alia, unintelligible and conclusory allegations); Hines v. Napolitano, No. CIV. 071816-WQH (RBB), 2007 WL 2859745, at *1 (S.D. Cal. Sept. 26, 2007) (dismissing petition which contained "unintelligible allegations without any specific federal constitutional grounds for relief," and finding the court need not "engage in a tenuous analysis in order to attempt to identify and ma[k]e sense of the Petition"); see also Denton v. Hernandez, 504 U.S. 25, 29, 112 S. Ct. 1728, 118 L. Ed. 2d 340 (1992) (finding court need not accept

the truth of apparently delusional allegations). Moreover, Rule 8 of the Federal Rules of Civil Procedure requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8.

**2. Analysis**

Here, the Petition vaguely and confusingly appears to allege that (1) the "Federal Board of Investigations" caused Petitioner to go to a different public high school in Orange County, California than where his mother had originally enrolled him; (2) Petitioner is somehow being held in custody in the Northern Mariana Islands (notwithstanding his attendance at a public high school in California); and (3) medicines triggering "paralysis" and "euthanasia" are being placed into Petitioner's food and water. See Pet. at 3-4. These facts fail to "state facts that point to a real possibility of constitutional error." Blackledge, 431 U.S. at 76 n.7. Therefore, the Petition fails to state a cognizable claim for federal habeas relief. In addition, the Petition violates Rule 8 of the Federal Rules of Civil Procedure, because the Petition is so vague and confusing as to leave uncertain the nature of Petitioner's claims. Fed. R. Civ. P. 8. Hence, the Petition is subject to dismissal.

**C. THE PETITION IS SUBJECT TO DISMISSAL FOR LACK OF JURISDICTION**

**1. Applicable Law**

Writs of habeas corpus may be granted by the United States District Courts "within their respective jurisdictions." 28 U.S.C. § 2241(a). Section 2241(a) requires that "the court issuing the writ have jurisdiction over the custodian." Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 495, 93 S. Ct. 1123, 35 L. Ed. 2d 443 (1973). This rule ensures that the custodian will be amenable to service of process. Id.; see also Dunne v. Henman, 875 F.2d 244, 248 (9th Cir. 1989).

///

**2. Analysis**

According to the Petition, Petitioner's "custodian," if any, would appear to be located in the Northern Mariana Islands, an area not within the jurisdiction of this Court. Therefore, it appears that this Court lacks jurisdiction. Hence, the Petition is subject to dismissal.

## IV.
## ORDER

Thus, it is ORDERED that Judgment be entered summarily DISMISSING this action without prejudice.

Dated: August 25, 2017

HONORABLE GEORGE H. WU
United States District Judge

Presented by:

KENLY KIYA KATO
United States Magistrate Judge